[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
Plaintiff has brought this action seeking a return of monies paid by her in the amount of $1,833.00 for payment made by her to the defendant for an order of wicker furniture which, when delivered by the defendant to the plaintiff, was not accepted by the plaintiff and returned immediately to the warehouse. At the same time the furniture had been delivered to the plaintiff's house the defendant, an interior decorator, had also delivered to the plaintiff several items of a decorative nature, which have never been returned and the defendant has filed a counter claim seeking payment in the amount of $1,164.64 for the value of these items. The plaintiff has filed a special defense to the counter claim claiming that the defendant is barred from collecting this debt because it falls within the purview of the Home Solicitation Act, Section 42-134A(a), et seq.
Very little is in dispute as to the facts of the case. CT Page 4124 Court testimony established that the plaintiff consulted with the defendant, an interior decorator to help the plaintiff decorate a room in the plaintiff's home known as a "Florida" room. Plaintiff and the defendant had previously done business together.
The plaintiff knew that the defendant had access to sources of supply of the type of wicker furniture she wanted. The plaintiff was specifically interested in a sleep sofa. The defendant was able to locate a source of supply; took the plaintiff to the warehouse for an examination of the furniture; and after examining the samples in a dimly lit warehouse further conferred with the plaintiff at the plaintiff's home where the plaintiff placed the order for several pieces of furniture. (Defendant's Exhibit I) dated May 9th). At that time the defendant requested a fifty (50) percent deposit and the plaintiff gave to the defendant a check in the amount of $1,193.00 (Plaintiff's Exhibit I).
The defendant promised delivery of all furniture in time for a bridal shower planned for July. Early in July the defendant notified the plaintiff that all of the furniture was in with the exception of the sleep sofa. The defendant requested the balance of the money and was paid the same by the plaintiff in the amount of $640.00 (Plaintiff's Exhibit II) and the partial delivery was made. At the time of delivery the defendant delivered to the plaintiff several other decorative items which the defendant proposed that the plaintiff purchase in order to complete the decorating of the room. The plaintiff requested that she not have to pay for these items until September, 1989 when she would resume her employment. The defendant consented to the agreement and a bill was prepared indicating an amount due of $1,196.64 with a notation that "payment would be deferred until mid-September." (Defendant's Exhibit II).
When the items of furniture were delivered the plaintiff immediately informed the defendant who was present at the time of delivery that the items were not what the plaintiff had ordered. The finish was very dark, the colors were not right and the fabric was not the proper quality. The defendant's response was "Live with it!"
After conferring with her husband the plaintiff notified the defendant that the furniture was unacceptable and demanded it be returned to the warehouse which it was the very next day.
Thereafter the plaintiff's husband attempted to contact the defendant regarding the purchase of the required CT Page 4125 furniture but was unable to reach the defendant and eventually the plaintiff purchased other furniture from other sources in early August. The plaintiff now seeks to recover the monies paid to the defendant in the amount of $1,833.00 plus interest from July 14, 1989.
With respect to the counter claim of the defendant for the accessories in the amount of $1,196.64 it is the claim of the plaintiff that the defendant is barred from recovery under the provisions of the Home Solicitation Act, Section42-134A(a), et seq. which requires written contracts for home solicitation sales. In this respect the Court regards the selection of the furniture at the warehouse, the review of samples at the plaintiff's house and the delivery of accessories to the plaintiff's home when the furniture was delivered as all part of the one transaction to furnish and decorate the "Florida" room. The Home Solicitation Act was meant to curb the ills brought on by unscrupulous door-to-door salesmen and the negotiation carried on by the defendant with the plaintiff falls far short of classifying these activities to be within the purview of the statute. The counterclaim is thus not barred by that statute.
Based upon the factual pattern as set forth herein the Court finds that the parties had entered an oral contract for the defendant to assist the plaintiff in decorating the plaintiff's home. The defendant was charging a decorator's fee of $30.00 per hour. The plaintiff had selected the furniture at the warehouse and through sample review at the plaintiff's home. The furniture was ordered and partially delivered but was unacceptable to the plaintiff who refused it. The defendant informed the plaintiff that the monies paid would not be refundable but could be applied to the purchase of different furniture and that the defendant would assist the plaintiff in making those purchases. However, the defendant did not make herself available to the plaintiff, the plaintiff could not reach the defendant and thus the plaintiff was forced to look elsewhere for the furniture. The refusal of the defendant to stay in contact with the plaintiff at that time breached the contract and the Court finds that the plaintiff, as a result of the breach, is entitled to recover all sums paid, i.e. $1,833.00 less a $90.00 decorator's fee plus interest at ten (10) percent from July 14, 1989 to May 17, 1991 in the amount of $318.59 making a total due of $2,061.59.
With respect to the counter claim because the plaintiff elected to retain possession of the accessory decorations the Court finds that the defendant is entitled to recover the value of the accessories for $1,196.64 plus CT Page 4126 interest from September 15, 1989 to May 17, 1991 at ten (10) percent in the amount of $197.74 totally $1394.38.
Setting off the awards the plaintiff is due $667.21. No costs are awarded.
HARRY N. JACKAWAY, SUPERIOR COURT JUDGE